1  SCOTT N. SCHOOLS, SC SBN 9990
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   EDWARD A. OLSEN, CSBN 214150
4  Assistant United States Attorney

5     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102
6     Telephone: (415) 436-6915
      FAX: (415) 436-6927
7
   Attorneys for Defendants
8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                   OAKLAND DIVISION

12  AMIR ESMAEILI,                        )
                                          )   No. C 07-4806 SBA
13              Plaintiff,                 )
                                          )
14         v.                             )
                                          )   **ANSWER**
15  MICHAEL CHERTOFF, Secretary of the    )
    Department of Homeland Security;      )
16  EMILIO GONZALEZ, Director of U.S.     )
    Citizenship and Immigration Services; )
17  ROSEMARY MELVILLE, District Director  )
    of the San Francisco U.S. Citizenship and )
18  Immigration Services;                 )
    ROBERT MUELLER, III, Director         )
19  of the Federal Bureau of Investigations, )
                                          )
20              Defendants.               )
    _____)

21

22       Defendants hereby submit their answer to Plaintiff's Petition for a Hearing on Naturalization

23  Application Under 8 U.S.C. § 1447(b).

24       The first unnumbered paragraph consists of Plaintiff's characterization of the lawsuit, for

25  which no admission or denial is required.   However, to the extent a responsive pleading is deemed

26  to be required, the Defendants deny the allegations in this paragraph.

27                              **PARTIES**

28       1.  Defendants admit the allegations in Paragraph One.

    ANSWER
    C 07-4806 SBA                          1

2.  Defendants admit the allegations in Paragraph Two.

3.  Defendants admit the allegations in Paragraph Three.

4.  Defendants admit the allegations in Paragraph Four.

5.  Defendants admit the allegations in Paragraph Five.

**JURISDICTION**

6.  Paragraph Six consists of Plaintiff's allegation regarding jurisdiction, for which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny that this Court has jurisdiction under any of the provisions cited in Paragraph Six.

**VENUE**

7.  Paragraph Seven consists of Plaintiff's allegations regarding venue, for which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants are without sufficient information or knowledge to either admit or deny Plaintiff's allegations regarding venue.

**FACTS**

8.  Defendants admit the allegations in Paragraph Eight.

9.  Defendants admit the allegations in Paragraph Nine.

10.  Defendants admit the allegations in Paragraph Ten.

11.  Defendants admit the allegations in Paragraph Eleven.

12.  Paragraph Twelve consist solely of Plaintiff's characterizations of this action, for which no answer is necessary; however, to the extent a response is deemed to be required, Defendants deny the allegations in this paragraph.

**PRAYER**

13.  Paragraph Thirteen consist solely of Plaintiff's characterizations of this action for which no answer is necessary.

14.  Paragraph Fourteen consists of Plaintiff's prayer for relief for which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny the allegations in this paragraph.

13.  Paragraph Thirteen consists of Plaintiff's prayer for relief for which no admission or denial is required.

14.  Paragraph Fourteen consists of Plaintiff's prayer for relief for which no admission or denial is required.

17.  Paragraph Seventeen consists of Plaintiff's prayer for relief for which no admission or denial is required.

18.  Paragraph Eighteen consists of Plaintiff's prayer for relief for which no admission or denial is required;

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Petition fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The court should dismiss the Petition under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiff, dismissing Plaintiff's Petition with prejudice; that Plaintiff takes nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: November 16, 2007                    Respectfully submitted,

                                            SCOTT N. SCHOOLS
                                            United States Attorney


                                                /s/
                                            EDWARD A. OLSEN
                                            Assistant United States Attorney
                                            Attorneys for Defendants

ANSWER
C 07-4806 SBA                    3